CASE NO. 17-CV-60264-MORENO

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 17-60264-CIV-MORENO

REINALDO DAMAS MALUFF,

    Plaintiff,

v.

SAM'S EAST, INC.,

    Defendant.
_____/

**PLAINTIFF'S OMNIBUS MOTION *IN LIMINE***

Plaintiff, **REINALDO DAMAS MALUFF**, by and through his undersigned attorney, respectfully moves that counsel for the defense and any and all defense witnesses be instructed by appropriate order of the Court to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters set forth therein. In this connection, the Plaintiff would show the Court that the matters set out would be inadmissible for any purpose in that they have no bearing on the issues in this cause or the rights of the parties to this suit. Moreover, even if such evidence were deemed relevant by the Court, it should be excluded pursuant to Rule 403, Federal Rules of Evidence, in that its probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Committing interrogation of witnesses, comments to jurors or prospective jurors or offers of evidence of any kind concerning these matters, would prejudice the jury and sustaining objections to such questions comments or offers would not correct such prejudice, but rather would re-enforce the impact of such prejudicial matters upon the jurors.   The following matters would not be admissible for any purpose in this cause:

1. **Collateral Sources:** Any reference that actual or potential collateral sources exist for the Plaintiff, REINALDO DAMAS MALUFF, or that he has received, will receive, or will become entitled to receive collateral source benefits such as private health insurance or any social legislation benefits such as Medicare, Medicaid, and Social Security. In its October 2015 decision in *Joerg v. State Farm Mut. Auto. Ins.*, 176 So.3d 1247 (Fla. 2015), the Florida Supreme Court barred the introduction of Medicare benefits into evidence. The Court stated that "payments from collateral source benefits are not admissible because such evidence may confuse the jury with respect to both liability and damages". *Joerg* at 1249. (citations omitted) The Florida Supreme Court in *Joerg* also noted that it is "well established in Florida that the admission of evidence of social legislation benefits such as those received from Medicare, Medicaid, or Social Security, is considered highly prejudicial and constitutes reversible error. *Id* at 1250. (citations omitted). After a well-reasoned analysis, the *Joerg* Court held that regardless of whether a benefit is a past or future benefit, a trial court must exclude collateral sources from evidence. *Id.* at 1256.

In this case, none of Plaintiff's bills have been paid by collateral sources. However, Defendant may attempt to introduce evidence or argue that Plaintiff may be entitled to collateral sources or social legislation benefits such as Medicare in the future. Additionally, Nicole Bonaparte, who the Defendant has hired to testify about the reasonableness of Plaintiff's bills, references Medicare reimbursement rates throughout her report; however, any reference to insurance, collateral sources, or Medicare in not permissible (Plaintiff has filed a separate pre-trial motion to strike Nicole Bonaparte's opinions.) The Defendant should not be permitted make any reference or argument pertaining to collateral sources or any social legislation benefits to the jury for any reason.

2. **Damages and Comparison to Other Suits:** Any suggestion that Plaintiff lawyers are "greedy", substantially exaggerate their client's claim for damages, or that Plaintiff lawyers always ask for more than they expect to receive, or any attempt to compare this case with other lawsuits tried elsewhere. *See Tallman v. Freedman Anselmo Lindberg, LLC*, No. 11-3201, 2013 WL 2631754, at *3 (C.D. Ill. June

12, 2013) (granting plaintiff's motion to exclude "comments about 'greedy lawyers' . . . or other derogatory comments about Plaintiff's or his counsel's motivation for bringing this case" because, "even if the evidence has some relevance, . . . any relevance is substantially outweighed by the risk of unfair prejudice to Plaintiff") *Rebolledo v. Herr-Voss Corp.*, 101 F. Supp. 2d 1034, 1036 (N.D. Ill. 2000) (granting plaintiff's motion to exclude "any argument by the defendant that plaintiff is seeking more money than he expects to win" as improper); *Bravo v. United States*, 532 F.3d 1154 (11th Cir. 2008) (comparison to other cases is role of judge, and only when jury's verdict is challenged as excessive); *E. Prop. Dev. LLC v. Gill*, 558 Fed. App'x 882, 889 (11th Cir. 2014) (it is useless to compare one case to another).

    **3.**    **Lawsuit Abuse:** Any mention or reference to "lawsuit abuse" in our society or any comment about or "frivolous lawsuits constitute one of the major ills of our society." *In re Yasmine, etc.*, No. 3:09-md-2100-DRH, 2011 WL 6740391, at *16 (S.D. Ill. Dec. 22, 2011) (prohibiting defendant "from using terms such as 'lawsuit abuse' 'litigation crisis' 'lawsuit crisis' in order to attempt to persuade the jury that this litigation is somehow 'a symptom of what is wrong with our legal system today, a system that allows plaintiffs to overrun the courts with frivolous lawsuits' or some argument to that effect.").

    **4.**    **Inappropriate Medical Treatment:** Any reference that any of the medical treatment rendered to the Plaintiff REINALSDO DAMAS MALUFF was "inappropriate," performed in an "inappropriate manner," or that any of Plaintiff's doctors committed malpractice. *Dungan v. Ford*, 632 So. 2d 159 (Fla. 1st DCA 1994). However, it is also well-established that a wrongdoer is liable for the ultimate negligence on the part of a physician who has treated an injury in such a way that the treatment may have increased the damage which otherwise would have followed from the original wrong. *Id* at 162. (citing Stuart v. Hertz Corp.;, 351 So.2d 703 (Fla. 1977))(other citations omitted).

    In this case, Defendant's medical expert, Dr. Kenneth Jarolem, who performed a medical records review and a compulsory medical examination of the Plaintiff suggested in his report that certain Plaintiff's medical providers deviated from the appropriate standard of care in providing medical treatment

to the Plaintiff. Specifically, Dr. Jarolem stated that the reading of Plaintiff's cervical MRI from 3/4/15 was "significantly inaccurate and materially misrepresents on the study." Additionally, Dr. Jarolem inaccurately claims that the doctor who performed lumbar surgery on Plaintiff failed to obtain Plaintiff's informed consent to perform such surgery. This type of testimony disparaging Plaintiff's medical providers and any comment by Dr. Jarolem that the medical care was "inappropriate" or "not reasonable" is not appropriate, and Dr. Jarolem should not be allowed to present such testimony to the jury.

**5.    Criminal Arrests/Charges/Convictions:** Any reference that Plaintiff has been arrested, charged, and/or convicted of any crime in the past or that he is currently facing criminal charges. In 2004, Plaintiff was arrested for Aggravated Battery and Resisting/Obstructing without violence in Broward County; however, Plaintiff was not ultimately charged with these two offenses, but was instead charged with the crime of Felony Battery, for which he was acquitted by a jury. In 2012, Plaintiff was charged in Broward County for the offense of Possession of Cannabis/20 Grams or Less, but this charge was later dismissed by the Court. In 2017, Plaintiff was charged with Aggravated Assault with a Deadly Weapon in Broward County; however, Plaintiff plead no contest to a lesser charge of misdemeanor Improper Exhibition of a Weapon and the Court withheld adjudication and placed him on a period of 9.5 months of probation. Plaintiff is currently facing a misdemeanor charge of Violation of Pretrial Release, for which he is contesting in Broward County court. As reflected above, Plaintiff has never been convicted of any criminal charge, including felonies, misdemeanors, and/or crimes of dishonesty. Any reference to the fact that Plaintiff has been arrested and/or charged with criminal offenses in the past and/or that he is currently facing misdemeanor charges has absolutely no relevance to the instant matter. Any probative value of the above evidence would be far outweighed by the danger of undue prejudice and severe risk of confusing the issues and misleading the jury pursuant to Rule 403, Federal Rules of Evidence.

The Federal Rules of Evidence Rule 609 allows for impeachment of a witness by evidence of a prior conviction, but "evidence of arrests or investigations is not admissible". *United States v.*

*Hughes*, 658 F.2d 317, 320 (5th Cir. 1981). Here, Plaintiff has been arrested but has never been convicted of any criminal charge, and thus Defendant should be precluded from referencing anything related to Plaintiff's prior arrests or involvement in criminal matters to the jury.

      **6.**     **Time Plaintiff Spent in Jail:** Any reference that Plaintiff was in custody at the Broward County jail for a period of approximately two and a half (2.5) months during the pendency of the instant action and that he was deposed in this matter by Sam's East's attorney while he was in custody at the jail. While the instant action against Sam's East, Inc. was pending, Plaintiff was arrested for the above-mentioned charge of Aggravated Assault with a Deadly Weapon (for which Plaintiff later plead no contest to a lesser misdemeanor charge of Improper Exhibition of a Weapon) and was in custody at the Broward County jail from June 2, 2017 through August 16, 2017. Defense counsel for Sam's East took a video deposition of Plaintiff in his jail uniform during this time when he was in custody at the Broward jail. Any reference to the fact that Plaintiff spent time in jail for a few months during this case and was deposed during this time has absolutely no relevance to the instant matter. Any probative value of the above evidence would be far outweighed by the danger of undue prejudice and severe risk of confusing the issues and misleading the jury pursuant to Rule 403, Federal Rules of Evidence.

      **7.**     **Secondary Gain:** Any reference or argument or attempt to elicit testimony from any witnesses, lay or otherwise, that the Plaintiff or other patients involved in injury compensation cases seem to have a harder time getting well or better, or the term "secondary gain." *Johnson v. Canteen* Corp., 528 So.2d 1364 (Fla. 3d DCA 1988); *Gen. Tel. Co. v. Wallace*, 417 So. 2d 1022 (Fla. 2d DCA 1982); see also *Dowden v. Garcia*, No. 4:05-CV-192 GTE, 2007 WL 1111256, at *2 (E.D. Ark. Apr. 13, 2007)("Even if the Court were to find that the testimony was relevant because Dr. Biel stated that [the plaintiff's] responses to treatment were 'affected by his ongoing litigation,' the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Plaintiff's motion is granted at to this issue.")

8. **Prior Lawsuits or Claims:** Plaintiff has been involved in prior personal injury lawsuits arising out of automobile accidents and he has had a worker's compensation claim in the past as well. Notably, Plaintiff has not brought a personal injury civil lawsuit in approximately fifteen (15) years. Plaintiff understands that Defendant has the right to present evidence of prior accidents or prior injuries. However, Defendant should not be allowed to introduce evidence or argue that Plaintiff has brought prior personal injury lawsuits or insurance claims in the past or argue that he is "litigious". In *U.S. v. Cook*, the Court stated that Fed. R. Evid. 403 "requires that each case be decided on its own facts. *United States v. Cook*, 557 F.2d 1149, 1154 (5th Cir. 1977). In Cook, the Court held that the admission of prior injunctions was error because the documents themselves "had little or no independent probative value in relation to any disputed question in the case" and that using such documents would thus be "likely to have had a significant prejudicial impact on the minds of the jurors". Id. Similarly, here, Defendant's use of Plaintiff's prior lawsuit or claim involvement would be more prejudicial than probative, and thus Defendant should be precluded from presenting any evidence to the jury that Plaintiff has been a Plaintiff in prior injury lawsuits or arguing that Plaintiff is litigious. Furthermore, none of Plaintiff's prior lawsuits or claims are similar in nature to the instant action in that the prior incidents were not premise liability causes of actions or involved incidents where Plaintiff was struck in the back by a pallet jack.

9. **Duplicitous Testimony:** Defendant has retained a radiologist, Dr. Paul Koenisberg, to opine on Plaintiff's MRI films. The Defendant also retained an orthopedic doctor, Dr. Kenneth Jarolem, as a medical expert. Dr. Jarolem performed a compulsory medical examination of the Plaintiff as well as a review of Plaintiff's medical records and MRI films. In his report, Dr. Jarolem offered opinions on Plaintiff's MRI films, just like Dr. Koenisberg has done in his report. Defendant should be precluded from presenting testimony from *both* Dr. Koenisberg and Dr. Jarolem regarding Plaintiff's MRI films as the testimony will be cumulative and duplicitous. Plaintiff will be prejudiced by the jury hearing similar opinions from two different experts pertaining to the same issue.

**10.**     **Attorney-Client Issues:**  Any comment, question, reference, or insinuation to the time period or circumstances under which Plaintiff hired his attorney(s). *Watson v. Builders Square*, 563 So. 2d 721 (Fla. 4th DCA 1990); *Howard v. Palmer*, 123 So. 3d 1171 (Fla. 4th DCA 2013). The Defendant should also not be allowed to question the Plaintiff regarding attorney-client privileged communications including whether or not he was referred to any of his doctors by Plaintiff's firm. *See Worley v. Central Florida Young Men's Christian Ass'n, Inc.*, 2017 WL 1366126 (Fla. 2017)("Therefore, we find that the question of whether a plaintiff's attorney referred him or her to a doctor for treatment is protected by the attorney-client privilege.")

### MEMORANDUM OF LAW

The following Memorandum is in addition to the law cited above.

In *Begualg Investment Management v. Four Seasons Hotel*, No. 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. 2013), the court explained that a motion *in limine* is made for the purpose of excluding or including certain evidence. The purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. *Stewart v. Hooters of Am.*, No. 04-40-T-17, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007).

Additionally, Rule 403, Federal Rules of Evidence, provides, "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In addition to the law cited in the above ten (10) matters, the defense should be limited as requested pursuant to Rule 403, Federal Rules of Evidence, as any probative value of the above evidence would be far outweighed by the danger of undue prejudice and severe risk of confusing the issues and misleading the jury.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

The undersigned counsel for the Plaintiff hereby certifies to the Court that he conferred with counsel for the Defendant before the filing of this Motion in a good faith effort to resolve the issues raised in this motion.  However, the Defendant does not agree to any of the relief sought in this motion.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an Order *in Limine* as requested above.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 22, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the following Service list via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized receive electronic notices of electronic filing.

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
2 South University Drive, Suite 235
Plantation, FL 33324
Tel: (954) 661-6000
Fax: 954-281-4045
Email:  ian@rubensteinlaw.com
          vsavinon@rubensteinlaw.com
          eservice@rubensteinlaw.com

By:  /s/ *Ian Boettcher*
     **IAN BOETTCHER**
     Florida Bar No. 662704

CASE NO. 17-CV-60264-MORENO

## CASE NO. 17-CV-60264-MORENO
## REINALDO DAMAS MALUFF v. SAM'S EAST, INC.

### SERVICE LIST

Ian Boettcher
RUBENSTEIN LAW, P.A.
2 South University Drive, Suite 235
Plantation, FL 33324
Tel: (954) 661-6000
Fax: 954 281-4045
ian@rubensteinlaw.com
vsavinon@rubensteinlaw.com
eservice@rubensteinlaw.com
Attorneys for Plaintiff, Reinaldo Damas Maluff

Jerry D. Hamilton
Schuyler A. Smith
Patricia Concepcion
HAMILTON, MILLER & BIRTHISEL, LLP
150 SE 2nd Avenue, Suite 1200
Miami, FL 33131-2332
Tel.: (305) 379-3686
Fax: (305) 379-3690
hamilton@hamiltonmillerlaw.com
ssmith@hamiltonmillerlaw.com
pconcepcion@hamiltonmillerlaw.com
Attorneys for Defendant, SAM'S EAST, INC.