UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 17-60264-CIV-MORENO

REINALDO DAMAS MALUFF

       Plaintiff,

vs.

SAM'S EAST, INC.

       Defendant.

_____/

## MOTION TO REOPEN THE DISCOVERY PERIOD AND TO CONTINUE TRIAL BASED UPON PLAINTIFF'S CONCEALMENT OF EVIDENCE

Defendant, Sam's East, Inc., ("Sam's East"), moves this Court for an order reopening the discovery period and continuing the November 13, 2017 trial of this case on the basis that the Plaintiff concealed relevant evidence during the discovery period, and in support states:

### I.      PRELIMINARY STATEMENT

The Plaintiff, Reinaldo Damas Maluff, ("Plaintiff"), filed the instant lawsuit alleging a claim for negligence as a result of an incident at Sam's Club on August 27, 2014 where he was struck in his back by a pallet of merchandise being pushed by a Sam's East employee. As the Plaintiff put his physical condition at issue, Sam's East propounded relevant and timely discovery requests pertaining to the Plaintiff's pre-incident injuries and medical providers, as well as his post-incident treatment and medical providers.

The Plaintiff's intentional concealment of (1) pre-existing physical injuries, (2) a relevant 2012 incident involving a fire hydrant that injured his back *prior* to his incident at Sam's East, and intentional concealment of (3) various medical providers and physicians that treated him for that injury as well as medical providers who treated him *after* his incident at Sam's East has prejudiced Sam's East in the preparation of its case for trial. Despite repeated requests by Sam's East prior to the close of discovery for all of Plaintiff's pre and post-incident injuries, accidents, medical records, providers and treating physicians, the Plaintiff failed to disclose a relevant 2012 incident involving injuries to his back and other relevant post-incident medical providers.

In light of Plaintiff's intentional nondisclosure of relevant information timely requested during the discovery period, Sam's East seeks an Order from this Court reopening the discovery period and briefly continuing the trial period such that Sam's East may conduct relevant discovery into the Plaintiff's 2012 incident and injury, and any other nondisclosed pre and post-incident accidents, injuries and medical providers to include limited written discovery, depositions, and plaintiff's continued deposition on these issues only. Sam's East requests this Court reopen and extend the discovery deadline to November 30, 2017 and continue the trial period to February 2018.

## II.   <u>STATEMENT OF FACTS</u>

1.   The Plaintiff has filed the instant lawsuit sounding in negligence in connection with an incident that occurred at a Sam's Club store located at 1900

South University Drive, Miramar, Florida 33025. *See* Pl's Amended Complaint at ¶ ¶ 5, 7, attached as Ex. "A."

2.     The Plaintiff alleges he was injured when an employee "pushed a pallet type device with goods on top to strike" his back. *Id.* at ¶ ¶ 8, 13.

3.     Specifically, he alleges injury to the L5-S1 disc in his lumbar spine for which he underwent surgery.

4.     On February 1, 2017, the Court entered a Scheduling Order setting the discovery deadline for July 13, 2017. *See* ECF No. 10, attached as Ex. "B."

5.     Trial is set for the two week trial period commencing on November 13, 2017. *Id.*

6.     On February 16, 2017, Sam's East propounded written discovery requests which sought all pre and post-incident incidents, injuries medical providers and treatment.

7.     On May 9, 2017, the Plaintiff attended a Compulsory Medical Examination scheduled by Sam's East during the discovery period.

8.     Despite efforts to conduct the Plaintiff's deposition sooner, it was only on June 14, 2017, that Sam's East was able to depose the Plaintiff at the Jospeh V. Conte Jail in Pompano Beach, Florida as the Plaintiff was incarcerated with an unknown release date in connection with a charge for aggravated battery with a deadly weapon. *See* Notices of Taking Deposition attached as Ex. "C."

9.     Due to Plaintiff's incarceration, his deposition which was set to occur on June 9, 2017, more than a month prior to the close of discovery, could not go

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

forward as the Plaintiff turned himself into the Broward County police in connection with the charge for aggravated battery with a deadly weapon.

10.     Accordingly, Sam's East was required to obtain approval of the Jospeh V. Conte Jail to depose the Plaintiff at the facility and was then able to re-set the deposition for June 14, 2017 after Sam's East obtained approval for same.

11.     During the Plaintiff's deposition, Sam's East questioned him about his pre and post-incident accidents, injuries, insurers, and medical providers. *See* Pl's Depo Transcripts, 15:16-28:23, attached as Ex. "D."

12.     The Plaintiff testified and/or disclosed through written discovery that he was involved in an automobile accident in the 90's, in 2002/2003, 2009, 2013, and that he sustained a work-related shoulder injury in 2002/2003. *Id.* at 19:15-27:11; *see* also Pl's Answers to Interrogatories at ¶ 21, attached as Ex "E." Pl's Amended Answers to Interrogatories at ¶ 18, attached as Ex. "F;" Pl's Second Amended Answers to Interrogatories attached as Ex. "G."

13.     During his deposition, the Plaintiff testified that he had not been involved in any other ***prior*** accidents other than his work-related incident in which he injured his right shoulder, and the above referenced automobile accident.

**Q:     Other than your right shoulder injury that you sustained while working at Aneco Electrical Construction, had you ever been involved in any other incident other than the one we are here for today?**

**A:     No.** *See* **Ex" D" at 15:16-22.**

. . .

**Q:     Did you ever experience any slip-and-fall or trip-and-fall incidents at any other business establishments?**

**A:     No.**

> **Q:** What about any prior accidents in general, not necessarily a slip-and-fall or trip-and-fall, but any accident in general?
>
> **Q:** Where you involved in any prior accidents at any business establishments prior to your incident at Sam's Club?
>
> **A:** No. *Id.* at 27:21 − 28:9.

14. The Plaintiff also testified that he was insured by Memorial Primary Care and Coventry[1]. *See* Ex. "D" at 29:19-30:9.

15. On June 15, 2017, the day after Plaintiff's deposition, Sam's East properly served its Notice of Intent to Serve Subpoenas on both Memorial Primary Care Center and Coventry Health Care of Florida, and sent out said subpoenas for service. *See* Notice of Intent attached as Ex. "I."

16. On August 10, 2017, after the discovery deadline, Sam's East received responsive medical records from Memorial Primary Care responsive to the subpoenas, ***which lo-and-behold***, indicated the Plaintiff was involved in a 2012 accident whereby he was pushed into a fire hydrant and sustained an injury to his back. *See* Memorial Primary Care Center medical records, page 14, attached as Ex. "J."

17. Despite Sam's East's diligent efforts during the discovery period to obtain relevant pre and post-incident medical providers and records, and information regarding the Plaintiff's pre-incident injuries, Sam's East was unable to obtain same as the Plaintiff failed to disclose and intentionally withheld that he

---

[1] Although this information was requested via written discovery on February 16, 2017 [*See* Sam's East's First Set of Interrogatories, at ¶ 10,attached as Ex. "H."], the Plaintiff failed to disclose that he was insured with Coventry and Memorial Primary Care until he was deposed on June 14, 2017.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

was insured with Memorial Primary Care and Coventry, and failed to disclose that he was treated at Memorial Primary Care until the date of his deposition.

18.     Even worse, he failed to disclose that he sustained a back injury as a result of a fire hydrant incident for which he received medical treatment including diagnostic testing and physical therapy. *See* Ex. "J" at page 14.

19.     Plaintiff's 2012 fire hydrant incident and injury was not the only relevant information that he concealed and failed to disclose, despite Sam's East's timely written discovery requests seeking same.

20.     On or about July 10, 2017, four days prior to the discovery deadline, Sam's East received responsive documents from Coventry Health Care of Florida revealing a number of medical providers and doctors that examined the Plaintiff after his incident at Sam's Club, and which the Plaintiff failed to disclose at his deposition and in his responses to written discovery. *See* Coventry Health Care of Florida medical records attached as Ex. "K."

21.     Indeed, on February 16, 2017, five (5) months prior to the discovery deadline, Sam's East served written discovery requests upon the Plaintiff including requests for production and interrogatories that sought the production of documents and information pertaining to the Plaintiff's pre and post-incident accidents, injuries and medical providers.

22.     For example, Sam's East's Interrogatory No. 18, propounded on February 16, 2017, requested that Plaintiff

> "[s]tate whether or not you have ever sustained <u>any</u> injury as a result of an accident (including but not limited to prior

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

trip/slip and falls) or otherwise, **before** the date of the accident alleged in this case, and, if so, **state the date, place and nature of said accident and/or incident**, the nature of your injuries, **the name and address of each physician or other medical attendant who cared for you** or treated you as a result of this accident and/or incident, the date for which you were discharged from treatment and whether you suffer from any permanent disabilities as a result thereof.[2]" *See* Sam's East's First Set of Interrogatories to Plaintiff, at ¶ 18, attached as Ex. "H." (emphasis added).

23.    In response to same, the Plaintiff failed to disclose his 2012 fire hydrant incident, and failed to disclose Memorial Primary Care Center as a medical provider. *See* Ex. "E" at ¶ 21; Ex. "F" at ¶ 18.

24.    Further, the Plaintiff failed to disclose the names of address of the physicians that treated him in connection with his 2012 fire hydrant incident and who referred him to Memorial Primary Care center.[3]

25.    Similarly, Sam's East's Request for Production No. 10, propounded on February 16, 2017, sought the production of

Any and all medical records, hospital records, physicians' records and evaluations and any other medical records or evaluations relative to any and all medical care or treatment, physical or psychological, received by you in the ***ten (10) years prior to the date of the incident*** as alleged in

---

[2] Sam's East's Interrogatory No. 17, also requested that the Plaintiff state "the names, business addresses, telephone numbers of ***all medical doctors or healthcare providers, and all hospitals at which you have been examined, treated and/or tested in the ten (10) years prior to the date of the subject accident to the present***, stating the dates of the examinations, the treatment and/or tests provided for, the name, address, and telephone number of each doctor and hospital from which you were seen and/or received treatment." *See* Ex. "H" at ¶ 18. (emphasis added).

[3] The Memorial Primary Care Center medical records indicated the Plaintiff was referred to the facility. *See* Ex. "J" at page 14 ("the patient states a while back he was pushed into a fire hydrant. He sustained discoloration and bruising. The pain persisted. ***He was referred here***.") (emphasis added).

the Amended Complaint. *See* Sam's East's Request for Production, at ¶ 10, attached as Ex. "L." (emphasis added).

26.    In response to same, the Plaintiff failed to produce his medical records from Memorial Primary Care Center evidencing his fire hydrant incident and resulting back injury, despite Sam's East's timely requests for same.

27.    Additionally, the Plaintiff failed to disclose, despite Sam's East timely request for same, a litany of medical providers and doctors who treated him ***after*** his incident at Sam's Club. *See* Ex. "H."

28.    Sam's East's Interrogatory No. 19, propounded on February 16, 2017, requested that Plaintiff disclose whether he had ever

> "sustained any injury or aggravation of any injury as a result of an accident, or otherwise, ***after*** the date of the accident alleged in the Amended Complaint, and, if so, state the date and, place and, the nature of said accident and/or incident, the nature of your injuries, and the name and address of each physician or nurse or other medical attendant who attended or cared for you, or treated you as a result of this accident and/or incident." *See* Ex. "H" at ¶ 19. (emphasis added).

29.    The Plaintiff failed to disclose that he was examined by (1) Dr. Rekha M. Pandya, (2) Dr. Hernando Giraldo, (3) Dr. Juan Choy, (4) Dr. Jason D. Maury, and (4) Dr. Luis Moya ***after*** his incident at Sam's Club. *See* Ex. "K."

30.    As such, the plaintiff also failed to disclose that he presented to the following medical facilities ***after*** his incident: (1) Primenet Medical Management, (2) Hernando Giraldo, M.D., P.A., (3) Best Value Healthcare, LLC, (4) MedXM, (5) Jose A. Guzman M.D., (6) Maury A. Jayson, M.D., (7) Mostoufi-Moab, M.D., (8) Inphynet South Brioward, Inc., and (9) Pathology Consultants of South Broward. *Id.*

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

31.     Despite Sam's East's timely written discovery requests seeking the disclosure of pre and post-incident injuries, accidents, providers and treating physicians, the Plaintiff purposely concealed pre-existing injuries and incidents, and he failed to disclose post-accident medical providers and treating physicians during the discovery period.

32.     Sam's East has issued subpoenas to the various medical providers that Plaintiff concealed during the discovery period for Plaintiff's medical records and bills. The Plaintiff has objected to same. *See* Plaintiff's objection attached as Ex. "M"; ECF No. 37.

33.     Interestingly, the Plaintiff ***denied any prior problems*** with regard to his neck and back when examined by Sam's East's Orthopedic Surgeon, Dr. Kenneth L. Jarolem, M.D. *See* Sam's East Expert Report of Dr. Kenneth L. Jarolem dated May 9, 2017, pp. 2 or 9, attached as Ex. "N" at page 2.

34.     Plaintiff's purposeful concealment of relevant discovery timely sought by Sam's East, and failure to disclose same during the discovery period has severely prejudiced Sam's East in the preparation of its case.

35.     As the discovery period is closed, Sam's East is unable to obtain relevant discovery for the post-incident providers and physicians that the Plaintiff failed to disclose, and the 2012 fire hydrant pre-incident accident that Plaintiff purposefully concealed, without discovery being briefly reopened.

36.     As explained, it was only after the discovery deadline that Sam's East discovered Plaintiff's deception, and intentional nondisclosure of relevant and timely requested discovery.

37.     Accordingly, Sam's East requests this Court enter an Order reopening discovery and briefly continuing the trial of this matter such that it may conduct discovery pertaining to Plaintiff's pre and post-incident injuries and accidents which Plaintiff has sought to conceal from Sam's East.

38.     Sam's East requests this Court extend discovery to November 30, 2017 and re-set the trial period in this matter to commence in February 2018. Sam's East has attached a proposed modified Scheduling Order to the instant Motion as Ex. "O."

## III.     MEMORANDUM OF LAW

### A.     Good Cause Exists to Reopen The Discovery Period Based On Plaintiff's Failure To Timely Disclose Relevant Discovery.

Federal Rule of Civil Procedure 16(b) governs the issuance of scheduling orders. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When a party files a motion to extend a deadline set in a scheduling order that has *already expired*, Fed. R. Civ. P. 16(b) is the proper guide for determining whether to modify the scheduling order. *See* De Varona v. Discount Auto Parts, LLC, 285 F.R.D. 671, 672 (S.D.Fla.,2012) (citing *Southern Grouts & Mortars, Inc. v. 3M Co.,* 575 F.3d 1235, 1241 (11th Cir.2009)). In such cases, the moving party is required to show good cause. *Id.* (quoting Fed.R.Civ.P. 16(b)(4)). To establish good cause a party must show "the schedule

cannot be met despite the diligence of the party seeking the extension. *Sosa v. Airprint Sys., Inc.* 133 F.3d 1417, 1419 (11th Cir. 1998); *Payne v. C.R. Bard, Inc.,* 606 Fed. Appx. 940 (11th Cir. 2015); *Donahay v. Palm Beach Tours & Transp., Inc.,* 243 F.R.D. 697, 699 (S.D. Fla. 2007) (stating a scheduling order may be modified only upon a showing of good cause).

The good cause standard required to modify a scheduling order precludes modification unless the schedule "cannot be met despite the diligence of the party seeking the extension." *Sosa,* 133 F. 3d at 1419 (citing Fed. R. Civ. P. 16 advisory committee's notes); *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end."). In short, diligence is the key to satisfying the good cause requirement. *See Sosa,* 133 F.3d at 1419; *see also Esys Latin Am., Inc. v. Intel Corp.,* 290 F.R.D. 563, 564 (S.D. Fla. 2013) (discussing the scheduling order set by the court will control the course of the action unless the schedule is later modified by court order upon a showing of good cause); *Lord v. Fairway Elec., Corp.,* 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) (same).

The district courts in Florida have held that receipt of relevant discovery after the discovery deadline has passed constitutes sufficient good cause under Rule 16(b) to reopen discovery and/or extend a deadline contained within the scheduling order. *See Friedman v. Coffman,* 2012 WL 668021, at *2 (S.D. Fla. 2012) (citing *Barnette v. Federal Exp., Corp.,* 2011 WL 2413437, at *2 (M.D. Fla. 2011) (Rule 16(b) standard met where relevant disclosures were made after the scheduling

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

order's deadline); *Am. Gen. Life. Ins. Co. v. Schoenthal Family, LLC.,* 2007 WL 1752471, at * 2 (N.D. Ga. 2007) (good case shown where facts supporting amendment were not discovered until after deadline))); *Aguirrechu v. Walgreens Co.,* 2014 WL 12620834, at *1 (M.D. Fla. 2014).

In *Barnette v. Federal Exp., Corp.,* the court re-opened the discovery period on the basis that the plaintiff received relevant discovery after the discovery deadline. *See Barnette v. Federal Exp., Corp.,* 2011 WL 2413437, at *2. The plaintiff filed a motion to reopen the discovery period by forty-five (45) days based upon the defendant's supplemental disclosures, served after the discovery period, which provided never-before disclosed witnesses and new relevant information. *Id.* at *1. The plaintiff requested that the court reopen discovery period as a result of the untimely submitted discovery. *Id.* The court granted the motion finding that defendant's disclosure of additional relevant discovery, after the deadline had lapsed, constituted good cause to reopen discovery. *Id.* at *2.

In *Friedman v. Coffman,* the court determined that the Plaintiff meet Rule 16(b)'s diligence standard as the Plaintiff was unable to discover the need for joinder before the deadline for same. *See Friedman v. Coffman,* 2012 WL 668021 at *2. The plaintiff filed a negligence claim alleging he was injured while assisting with the unmooring of a vessel. *Id.* at *1. During the deposition of Carl Bouchard ("Bouchard"), the plaintiff learned ***for the first time*** that Bouchard was the person who requested the plaintiff's assistance with unmooring the vessel. *Id.* The plaintiff filed a motion to join Bouchard to the litigation, despite the fact that the deadline

for joinder had passed. *Id.* The court found that relevant discovery disclosed by the defendant days prior to, and even after the joinder deadline, despite the plaintiff's timely discovery requests for same, was sufficient to extend the joinder deadline. *Id.* at *2.

Sam's East has exercised due diligence in seeking the requested relief upon learning of Plaintiff's failure to disclose relevant information pertaining to his pre and post-incident injuries, accidents, medical providers and treating physicians. Additionally, Sam's East acted diligently in sending subpoenas to both Memorial Primary Care Center and Coventry Heath Care of Florida the day after Plaintiff first disclosed the medical provider and insurer *for the first time* at his deposition. Despite Sam's East's timely subpoena to Memorial Primary Care Center, it received the responsive medical records on August 10, 2017, approximately one month after the discovery deadline.

It was only then that Sam's East learned, for the first time, the Plaintiff's back was injured in a 2012 fire hydrant accident. This is despite the fact that Sam's East repeatedly requested this type of information from the Plaintiff on February 16, 2017 and again at his deposition on June 14, 2017. Like the *Barnette v. Federal Exp., Corp.*, here, through no fault of its own Sam's East received relevant discovery that Plaintiff failed to disclose during the discovery period, despite Sam's East's repeated and timely requests for same. *See Barnette v. Federal Exp., Corp.,* 2011 WL 2413437, at *2. Plaintiff's failure to disclose his pre-incident injuries (2012 fire hydrant incident) and the identity of multiple providers that treated the Plaintiff

13

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

after her incident necessitates the reopening of the discovery period such that Sam's East may conduct a complete investigation into the Plaintiff's pre-incident injuries that he sought to conceal. Plaintiff's intentional nondisclosure of same has prejudiced Sam's East in the preparation of its case pertaining to damages. This is particularly true where like here Plaintiff's Orthopedic Surgeon, Dr. Kingsley Chin, his opined that Plaintiff's alleged back injury was caused by his incident at Sam's East. *See.* Pl's Expert Witness Disclosures attached as Ex. "P."

Similarly, despite Sam's East's timely subpoena to Coventry Health Care of Florida, Sam's East received documents on or about July 10, 2017 (approximately three days prior to the discovery deadline) evidencing more than nine (9) medical providers that Plaintiff presented to after his incident at Sam's Club and four (4) physicians that examined the Plaintiff after his incident. Plaintiff's blatant nondisclosure of relevant information has severely prejudiced Sam's East who, through no fault of its own, was unable to complete a thorough investigation into Plaintiff's pre and post-incident injuries and accidents. In fact, it was through Sam's East's diligent efforts that the concealed information was discovered.

Neither bad faith nor prejudice exists here as Sam's East has acted with diligence in filing the instant Motion upon learning of Plaintiff's deception. Sam's East makes this request in good faith with no intention of delaying the proceedings in this matter but rather in pursuit of obtaining sufficient time to adequately prepare its case for trial.

Additionally, while the requested relief will result in a modification of the trial date, the need for the discovery due to Plaintiff's intentional concealment is good cause for a brief three (3) month extension of the trial date.

**B.** <u>**Good Cause Exists To Continue The Trial Period to February 2018.**</u>

A brief continuance of the November 13, 2017 trial period is proper due to Plaintiff's concealment of relevant evidence. Local Rule 7.6 of the United States District Court for the Southern District of Florida sets forth the requirements for a continuance of trials and hearings. This Rule requires the filing of such motions at the earliest practical date and contemplates the granting thereof upon the showing of good cause. *See* S.D. Fla. Local Rule 7.6. "The decision whether to grant a continuance is within the sound discretion of the trial court." *Gastaldi v. Sunvest Resort Communities, LC*, 709 F.Supp.2d 1284, 1291 (S.D. Fla. 2010).

As noted in *Gastaldi*, the U.S. Court of Appeals for the Eleventh Circuit considers the following factors when reviewing whether a trial court abused its discretion in denying a motion to continue:

(1)    the moving party's diligence in its efforts to ready its case prior to the date set for hearing;

(2)    the likelihood that the need for a continuance would have been remedied had the continuance been granted;

(3)    the extent to which granting the continuance would have inconvenienced the court and the opposing party;

(4)    the extent to which the moving party might have suffered harm as a result of the district court's denial.

*See Gastaldi v. Sunvest Resort Communities, LC*, 709 Supp.2d at 1291.  Sam's

East addresses each of these factors below.

     i.     **The Moving Party's Diligence In Its Efforts To Ready Its Case Prior To The Date Set For Hearing.**

Sam's East has at all times exhibited diligence in its efforts to prepare its

matter for trial. Sam's East propounded written discovery upon the Plaintiff on

February 16, 2017, scheduled the Plaintiff's Compulsory Medical Examination for

May 9, 2017 which was completed, deposed the Plaintiff on June 14, 2017 while he

was incarcerated to avoid delay, and served subpoenas timely to plaintiff's known

medical providers, insurers, and employers. Sam's East has also defended the

depositions of its corporate representative and multiple employees with knowledge of

Plaintiff's incident. Sam's East has acted with diligence in seeking all relevant

discovery necessary to prepare this matter for trial. However, due to no fault of its

own, it has discovered that Plaintiff concealed, during the discovery period, his pre-

incident fire hydrant incident and back injury as well as post-incident medical

treatment. Despite Sam's East efforts to ready this case for trial, Plaintiff's

concealment of relevant and timely requested discovery necessitates a continuance of

the November 13, 2017 trial period.

     ii.     **The Likelihood That The Need For A Continuance Would Have Been Remedied Had The Continuance Been Granted.**

The need for the continuance will be remedied by the Court reopening discovery

and granting a brief continuance as it will provide Sam's East with the opportunity to

conduct a meaningful investigation into Plaintiff's recently discovered pre-incident

accident and back injury, as well as post-incident medical treatment, which Plaintiff intentionally concealed during the discovery period.

### iii.    The Extent To Which Granting The Continuance Would Have Inconvenienced The Court And The Opposing Party.

Although the Plaintiff may assert that this delay will prejudice him by delaying his day in court, Sam's East is also anxiously awaiting its day in Court. The concealment of relevant and timely sought discovery was not caused by Sam's East. Indeed, it was the diligent efforts of Sam's East to ready this case for trial that Plaintiff's pre-incident and back injury was discovered. Sam's East should not suffer the severe prejudice that would come with denying the instant Motion, while Plaintiff is allowed to conceal relevant evidence during the discovery period and benefit from same at trial. Should the Court be willing to grant the instant Motion, Sam's East can offer February 19, 2018 as the earliest window to reschedule the trial and mitigate any inconveniences the granting of this Motion may cause on the Court and/or Plaintiff.

### iv.    The Extent To Which The Moving Party Might Have Suffered Harm As A Result Of The District Court's Denial.

Sam's East will suffer great harm and be severely prejudiced if its counsel of choice is prevented from defending its rights at trial. If the continuance is denied and discovery is not reopened, Sam's East will be precluded from presenting from providing evidence to the jury regarding Plaintiff's pre-existing medical condition. Sam's East will be precluded from offering testimony which indicates Plaintiff's injury to his back was not caused by his incident at Sam's Club. Sam's East will also be

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

precluded from setting forth evidence at trial that the Plaintiff underwent lumbar surgery in this case to the same disc (L5-S1) that was injured in the 2012 fire hydrant incident.

1.   Sam's East submits there is a good cause for a continuance of this trial,

2.   Sam's East has not been dilatory in any way, and

3.   This request is made in good faith and not for any improper purpose or delay.

## IV.   <u>CONCLUSION</u>

Based on the foregoing, Sam's East requests that this Court enter an Order reopening the discovery period and continuing the trial period such that it may conduct relevant discovery pertaining to the Plaintiff's pre-incident injuries and post-incident medical treatment that the Plaintiff intentionally concealed during the discovery period, despite Sam's East's repeated requests for same via written discovery and at the Plaintiff's deposition. Sam's East requests this Court reopen and extend the discovery period to November 30, 2017, and continue the trial period to February 19, 2018. A proposed Order granting the instant Motion is attached hereto as Exhibit "O."

**WHEREFORE**, Defendant, Sam's East Stores East, L.P., moves this Court for the entry of an Order granting the instant Motion to Reopen and Extend the Discovery Deadline and Continue Trial based upon Plaintiff's intentional concealment of relevant and timely requested pre and post-incident injuries, providers and medical records during the discovery period, and all other relief this Court deems just and proper.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

<u>Local Rule 7.1(A)(3) Certificate Of Good Faith Conference</u>

Prior to filing the instant Motion, Sam's East, through its undersigned counsel, Schuyler A. Smith, conferred with Plaintiff's counsel, who opposes the relief sought.

**Dated: September 25, 2017**

Respectfully submitted,

*/s/ Schuyler A. Smith*
Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Schuyler A. Smith, Esq.
Florida Bar No. 70710
ssmith@hamiltonmillerlaw.com
Patricia Concepcion, Esq.
Florida Bar No. 109058
pconcepcion@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
*Attorneys for Sam's East, Inc.*
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:   (305) 379-3686
Facsimile:   (305) 379-3690

<u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on September 25, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*/s/ Schuyler A. Smith*
Schuyler A. Smith, Esq.

## <u>SERVICE LIST</u>

Ian Boettcher, Esq.
RUBENSTEIN LAW, P.A.
2 S. University Drive, Suite235
Plantatio, FL 33324
Tel: (954) 661-6000
Fax: (954) 906-9531
Ian@rubensteinlaw.com
nancy@rubensteinlaw.com
eservice@rubensteinlaw.com
*Attorney for Plaintiff*

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690