UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-60264-CIV-MORENO

REINALDO DAMAS MALUFF,

    Plaintiff,

vs.

SAM'S EAST, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court upon (1) Plaintiff's Motion to Strike Expert Witness Testimony of Nicole Bonaparte **(D.E. 35)**, filed on **September 22, 2017**, and (2) Defendant's Motion to Limit the Testimony of Plaintiff's Treating Physician (Dr. Kingsley Chin) **(D.E. 42)**, filed on **September 25, 2017**.

THE COURT has considered the motions, the responses, the replies, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** as follows:

    (i)    Plaintiff's Motion to Strike Expert Witness Testimony of Nicole Bonaparte (D.E. 35) is **GRANTED**.

    (ii)    Defendant's Motion to Limit the Testimony of Plaintiff's Treating Physician (Dr. Kingsley Chin) (D.E. 42) is **GRANTED in part** and **DENIED in part**.

        (a) Defendant's Motion is **GRANTED** to the extent it seeks to prevent Dr. Chin from offering his opinion about the cause of Plaintiff's injuries.

        (b) Defendant's Motion is **DENIED** to the extent it seeks to exclude Dr. Chin's testimony about the reasonableness of Plaintiff's medical bills.

1

## DISCUSSION

This is a personal injury case arising from an incident at a Sam's Club store. Plaintiff Maluff alleges that an employee of Defendant Sam's East, Inc. negligently pushed a pallet jack loaded with merchandise into Maluff's back while he stood next to his shopping cart. The incident allegedly caused Maluff serious lower back injuries that ultimately required him to undergo lumbar spine fusion surgery.

### A. Plaintiff's Motion to Strike Expert Witness Testimony of Nicole Bonaparte

Sam's East retained Nicole Bonaparte to provide expert opinions and testimony on medical coding and billing. Bonaparte's testimony is purportedly important "to audit and evaluate the coding and billing practices of Plaintiff's treating healthcare providers and the customary and reasonable charges for the services rendered." (Def.'s Resp. 3.) Sam's contends that Bonaparte's "testimony as a billing and coding expert on reasonableness of medical reimbursement is critical to Sam's East's defense" and "[e]xcluding such testimony would eviscerate one of the only damages defenses available to Sam's East." (*Id.*)

Maluff challenges the reliability and relevance of Bonaparte's testimony. His relevance argument alone provides sufficient grounds for precluding Bonaparte's testimony. Although Bonaparte may be qualified to opine on whether Plaintiff's treating physicians double-billed for a certain procedure or incorrectly charged for a certain injury, she cannot speak to Plaintiff's injuries or the appropriateness of certain treatments.

Sam's East disputes that conclusion, noting that under Florida law, "[a] plaintiff bears the burden of proving the reasonableness of his medical expenses." *Columbia Hosp. (Palm Beaches) Ltd. P'ship v. Hasson*, 33 So.3d 148, 150 (Fla. 4th DCA 2010). It relies heavily on the Florida Court of Appeals' decision in *State Farm Mut. Auto. Ins. Co. v. Bowling*, which held that a personal injury plaintiff "must demonstrate that his or her medical expenses are reasonable and necessary." 81 So. 3d 538, 540 (Fla. Dist. Ct. App. 2012). According to Sam's East, *Bowling*

2

compels this Court to permit Bonaparte's testimony about the coding and billing practices of Maluff's healthcare providers in order to rebut Maluff's evidence of their reasonableness.[1]

However, the Eleventh Circuit already rejected that argument in *Castellanos v. Target Corp.*, which involved analogous personal injury claims based on Defendant's alleged negligence. 568 F. App'x 886 (11th Cir. 2014). Despite *Bowling's* holding, the Eleventh Circuit held that Judge Kathleen Williams did not abuse her discretion by excluding similar billing and coding testimony from Nicole Bonaparte—*the same expert witness. Id.* at 886. The Court called *Bowling* "materially different" because the defendant alleged that the Plaintiff fabricated or exaggerated his injuries, whereas *Castellanos* involved merely "a conflict over the reasonableness of charges for medical services, assumed to have been delivered." *Id.*

Given the Eleventh Circuit's holding, Judge Williams's rationale for striking Bonaparte's testimony is instructive. She explained in open court:

> If in fact [Bonaparte] has anything to offer, I imagine it would be in some rebuttal or impeachment context of how damages are being calculated by a treating hospital. She has nothing to do with the injuries. In as much as the motion was directed to that, it will be granted.
>
> [Bonaparte] speaks to the issue of how the charges are coded when they are reimbursed by the insurance companies. She can tell us whether something, for example, was double billed or they coded a broken leg as opposed to a compound fracture. She can't say or speak to the fact that this was a severe injury, they needed to do X number of things, this treatment was important, and here's my bill.
>
> [Y]ou can bring in a doctor to say if I treated X person I would have done this and the charge would have been this, and this is what is customarily charged for this particular procedure. You can have Ms. Bonaparte standing by. But unless something extraordinary comes up during the course of the Plaintiff's case I am not going to allow that testimony from Ms. Bonaparte. Right

---

[1] The majority opinion in *Bowling* explained that "[w]hile Ms. Pacha does not have the necessary medical background to render an opinion on whether the medical care allegedly provided to Mr. Bowling was reasonable, she does have the requisite skill and training to render an opinion on whether the bills submitted by his medical providers accurately reflect the care documented in the medical records of those same providers." 81 So. 3d at 541.

3

> now she has no place in this case. As I said, you can call a doctor
> to get in that testimony.

*Transcript of Oral Argument at 3-4, Castellanos v. Target Corp.*, No. 11-62467-CV, 2013 WL 12080185, at *1 (S.D. Fla. Jan. 25, 2013).[2]

As in *Castellanos*, Bonaparte has no place in this case. Her testimony would not assist the "trier of fact . . . to understand the evidence or to determine a fact in issue." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). Therefore, this Court **GRANTS** Plaintiff's Motion to Strike Expert Witness Testimony of Nicole Bonaparte.

### B. Sam's East's Motion to Limit the Testimony of Plaintiff's Treating Physician (Dr. Kingsley Chin)

A treating physician may offer expert opinions based on personal knowledge obtained during the care and treatment of the Plaintiff if he submits an expert disclosure narrative required under Federal Rule of Civil Procedure 26(a)(2)(C). *Levine v. Wyeth Inc.*, No. 8:09-CV-854-T-33AEP, 2010 WL 2612579, at *1 (M.D. Fla. June 25, 2010). This 26(a)(2)(C) disclosure must summarize the subject matter, facts, and opinions to which the physician is expected to testify. However, "[w]here a doctor's opinion extends beyond the facts disclosed during care and treatment of the patient and the doctor is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B)," which requires a more fulsome written expert report. *Brown v. Best Foods*, 169 F.R.D. 385, 388 (N.D. Ala. 1996).

Dr. Chin—Maluff's treating physician—submitted his 26(a)(2)(C) disclosure describing the facts and opinions he plans to address in his testimony. Maluff contends that the disclosed opinions "were derived through treatment" and that "Dr. Chin is not providing opinions based on information obtained from other sources." (Pl.'s Resp. 4.) Specifically, Dr. Chin plans testify about the following:

---

[2] Judge Williams is not alone in striking the testimony of Nicole Bonaparte—*this Court* granted Plaintiff's motion to strike expert testimony of Nicole Bonaparte in a 2016 case involving "claims of negligence and premises liability for personal injuries resulting from a slip and fall." *Rogers v. Fiesta Restaurant Group., Inc.*, No. 15-24073-CIV, 2016 WL 7540540, at *1 (S.D. Fla. July 1, 2016), *report and recommendation adopted*, No. 15-24073-CIV, 2016 WL 7644789 (S.D. Fla. July 8, 2016).

(i) Causation

(ii) The reasonableness of Plaintiff's medical bills

(iii) Dr. Chin's care and treatment of the Plaintiff

(iv) Plaintiff's future care and treatment

(v) The cost of Plaintiff's medical care

(vi) Plaintiff's future care and treatment, permanency or Plaintiff's restrictions/limitations

Sam's East disputes Dr. Chin's anticipated testimony regarding the first two topics: (i) causation; and (ii) the reasonableness of Plaintiff's medical bills. It contends that Dr. Chin's treatment of Maluff did not require him to determine "what caused the Plaintiff's injuries or whether the Plaintiff's medical bills were reasonable." (Def.'s Repl. 2.)

*1. Motion to Limit Testimony on Causation*

Courts recognize that resolution of these evidentiary issues often depend heavily on the particular facts. Here, Sam's East notes that Dr. Chin's "medical records pertaining to the Plaintiff's treatment and care do not contain a causation opinion prior to June 7, 2016 . . . ." (*Id.*) In response, Maluff offers a conclusory assertion that "[a] treating physician would be of little value to his or her patient if the physician only treated the immediate injuries, but stopped short of telling the patient what caused the injury . . . ." (Pl.'s Resp. 4.) Maluff, however, provides no support for this statement, failing to cite even one case where the Court permitted a treating physician to opine on causation without producing a Rule 26(a)(2)(B) report.

Indeed, the Eleventh Circuit seemingly prefers for district courts to strike a treating physician's causation testimony if the physician failed to submit a Rule 26(a)(2)(B) report and the facts suggest he did not need to know the injury's cause to prescribe a course of treatment. In *Wilson v. Taser Int'l, Inc.*, the Eleventh Circuit affirmed the trial court's decision to exclude a treating physician's causation testimony because the physician did not need to know what caused the plaintiff's back fractures in order to treat the injury. 303 F. App'x 708, 712 (11th Cir. 2008).

5

And the Eleventh Circuit in *United States v. Henderson* held that the district court erred by allowing the treating physician to opine on causation where the physician's treatment did not require a determination of how the plaintiff was injured. 409 F.3d 1293, 1300 (11th Cir. 2005).

Because Dr. Chin did not submit a Rule 26(a)(2)(B) report, and the facts suggest he neither considered nor relied on the cause of Maluff's injuries to prescribe treatment, this Court **GRANTS in part** Sam's East's Motion to Limit the Testimony of Plaintiff's Treating Physician to preclude Dr. Chin from offering his opinion about the cause of Maluff's injuries.

### 2. *Motion to Limit Testimony on the Reasonableness of Plaintiff's Medical Bills*

Sam's East contends that the Court should bar Dr. Chin from stating his opinion about the reasonableness of Plaintiff's medical bills. As with causation, Sam's East contends that "[a]t no time during the course of Plaintiff's treatment did Dr. Chin determine the reasonableness of Plaintiff's medical bills in order to treat the Plaintiff." (Def.'s Repl. 7.) Here, however, Sam's fails to provide any support for this statement—likely because Courts consistently allow treating physicians to opine on the reasonableness of a Plaintiff's medical bills. *See Transcript of Trial Proceedings at 272–73, Coleman v. Home Depot U.S.A., Inc.*, No. 1:15-CV-21555-UU, 2016 WL 4543120, at *1 (S.D. Fla. Mar. 23, 2016) (D.E. 105) (Dr. Kingsley Chin testifying about the typical price of a specific medical procedure); *see also Hall's Camp, Inc. v. Decker*, 394 So. 2d 1041 (Fla. Dist. Ct. App. 1981) (treating physician testified as to amount of bills and their causal connection to treatment rendered); *S. Pac. R. R. v. Montalvo*, 397 F.2d 50, 52–53 (5th Cir. 1968) (rejecting contention that plaintiff did not provide sufficient proof "of the reasonableness of medical bills incurred for the services of doctors who were called into consultation by the treating physician," because "the treating physician testified that the charges of the consulted doctors were reasonable, and there was evidence that he was familiar with the services they had performed").

Accordingly, this Court **DENIES in part** Sam's East's Motion to Limit the Testimony of Plaintiff's Treating Physician in order to permit Dr. Chin's testimony about the reasonableness of Plaintiff's medical bills.

## **CONCLUSION**

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

(i) Expert Witness Testimony of Nicole Bonaparte (D.E. 35) is GRANTED.

(ii) Defendant's Motion to Limit the Testimony of Plaintiff's Treating Physician (Dr. Kingsley Chin) (D.E. 42) is **GRANTED in part** and **DENIED in part.**

(a) Defendant's Motion is **GRANTED** to the extent it seeks to prevent Dr. Chin from offering his opinion about the cause of Plaintiff's injuries.

(b) Defendant's Motion is **DENIED** to the extent it seeks to exclude Dr. Chin's testimony about the reasonableness of Plaintiff's medical bills.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ of November 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record