UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 17-60264-CIV-MORENO

REINALDO DAMAS MALUFF

        Plaintiff,

vs.

SAM'S EAST, INC.

        Defendant.
_____/

### SAM'S EAST INC'S MOTION FOR SUMMARY JUDGMENT ON MEDICAL CAUSATION

SAM'S EAST, INC, ("Sam's") by and through the undersigned, and pursuant to Federal Rule of Civil Procedure 56, moves this Court for summary judgment in its favor because Plaintiff, REINALDO DAMAS MALUFF ("Plaintiff") has failed to prove medical causation.

### I. PRELIMINARY STATEMENT

This is a negligence action for damages allegedly sustained by Plaintiff on or about August 27, 2014 at a Sam's Club store, when a pallet containing merchandise struck his back. Plaintiff alleges that he suffered physical injuries to his back and neck. To prove his case for negligence, Plaintiff must prove medical causation. Medical causation can only be proven by a medical expert. Since this court has already entered an order (D.E. 61) precluding Plaintiff's treating physician Dr. Chin from providing any causation opinions and Plaintiff did not elect to retain a medical expert, summary judgment in Sam's favor is proper.

## II.     STATEMENT OF MATERIAL FACTS

1. Plaintiff alleges that a pallet type device with merchandise struck the back of his body. *See* Plaintiff's Answers to Interrogatories No. 3.

2. As a result, Plaintiff claims injuries primarily to his back and neck. *Id.* at No. 2; *See also* Plaintiff's Deposition attached as Ex. "A" at 57:12-17; 60:6-9

3. More specifically, Plaintiff claims he suffered either bulging or herniated discs in his lower back and cervical spine. *Id.* at 61:13-15; 63:14-18.

4. In 2012 and 2013, prior to the accident at issue, Plaintiff treated with various medical providers, including Erika Yu Melvyn Rech, for lumbago (chronic back pain). *See* Erika Yu's medical records attached as Ex. "B"; Melvyn Rech records attached as Ex. "C."

5. Plaintiff also received medical treatment in connection with a back injury in 2012 where he was pushed into a fire hydrant. *See* Ex. "B" and "C."

6. On February 1, 2013, Plaintiff underwent an MRI of his lumbar spine which revealed *inter alia* a disc protrusion at level L5-S1. *See* MRI Report attached as Ex. "D."

7. On March 6, 2013, Plaintiff underwent an MRI of his thoracic spine which revealed *inter alia* severe degenerative disc space narrowing at C5-C6. *See* MRI Report attached as Ex. "E."

8. Dr. Chin performed Plaintiff's lumbar spine surgery in connection with an L5-S1 herniation in his lumbar spine MRI. *See* Dr. Chin's medical records attached as composite Ex. "F."

2

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

9. Dr. Chin also recommended that Plaintiff undergo a neck surgery to the C5-C6 level as a result of a herniated disc. *See* Dr. Chin's medical records attached as composite Ex. "F."

10. On August 11, 2017, Plaintiff served his expert disclosures pursuant to Federal Rule 26(a)(2)(C) regarding treating physicians. *See* Pl's Exp. Disc. D.E. 30, attached as Ex."G." On November 7, 2017, Plaintiff served Amended expert disclosures providing an "Addendum." *See* Pl's Exp. Disc. D.E. 60, attached as Ex."H." In both disclosures, Plaintiff disclosed Dr. Kingsley Chin as an unretained medical expert, who was neither retained nor employed by Plaintiff to provide expert testimony in this case." *Id*.

11. At no time during the course of Dr. Chin's medical treatment of the Plaintiff or prior to performing surgery, did Dr. Chin review Plaintiff's medical records or diagnostic imaging prior to the alleged incident. *See* Ex. H. In fact, it was not until sometime in November 2017, that Dr. Chin for the first time reviewed unspecified pre-incident medical records and the 2013 lumbar spine MRI. *Id*. at Addendum p.7. No mention has been made about the thoracic spine MRI. *Id*.

12. On September 26, 2017, Sam's filed its Motion to Limit Plaintiff's Treating Physician, Dr. Kingsley Chin's Testimony, in which it argued, *inter alia*, that Dr. Chin as a treating physician should not be permitted to offer any expert witness testimony on the cause of Plaintiff's injuries. *See* D.E. 42 at p. 3, attached as Ex. "I."

3

13.     On November 9, 2017, this Court entered an Order, where it reasoned that Dr. Chin neither considered nor relied on the cause of Plaintiff's injuries to prescribe treatment, and as such his testimony as to causation of said injuries should be excluded.  *See* D.E. 61 at p. 6, attached as Ex. "J."

14.     On November 15, 2017, Plaintiff filed his Motion for Relief and/or Reconsideration from the Court's Order Precluding Dr. Kingsley Chin from Offering His Opinion about the Cause of Plaintiff's Injuries. (D.E. 62.)  This Motion has not yet been fully briefed and is pending this Court's adjudication.

15.     Except for Dr. Chin's inadmissible opinions, Plaintiff has failed to offer any other admissible expert testimony as to causation of his injuries.  *See* Ex. "J", "G", "H."

### III.    MEMORANDUM OF LAW

#### A. *Standard on Summary Judgment.*

Summary judgment is appropriate only "if the movant shows that there is no genuine issue as to material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a), *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may either 1) point out an absence of evidence to support the non-moving party's case, or, 2) provide "affirmative evidence demonstrating that the non-moving party will be unable to prove its case at trial." *U.S. v. Four Parcels of Real. Prop. In Green & Tuscaloosa Cntys. in State of Ala*. 941 F.2d 1428, 1438 (11th Cir. 1991) (citing *Celotex Corp.*, 477 U.S. at 325).  "The burden then shifts to the non-moving party, who must go beyond the pleadings and present the affirmative

evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 D. 3d 1315, 1320 (11th Cir. 2006) (citing *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-17 (11th Cir. 1993)).

"The Court must view the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the non-movant." *Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). However, "[a] court need not permit a case to go to a jury…when inferences that are drawn from the evidence, and upon which the non-movant relies, are "implausible." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996).

      **B.** ***Sam's Is Entitled To Summary Judgment As A Matter Of Law Because Plaintiff Failed To Prove Medical Causation Through Expert Testimony.***

One of the main issues in this case is whether Plaintiff's injury was pre-existing or whether it was caused by the incident alleged to have occurred in the Sam's Club store. Florida law is clear that without expert testimony on medical causation, Plaintiff cannot prove his negligence case. *See e.g. Jones v. Disc. Auto Parts, LLC*, 2017 WL 1396477, * 21 (M.D. Fla. 2017), *see also Rafflo v. Gymboree Retails Stores, Inc.*, No. 8:12-cv-1652-T-30TGW, 2013 WL 3770844, at *3 n.1 (M.D. Fla. July 19, 2013) (granting summary judgment against tort claims and reasoning that it was "unclear how plaintiffs could possibly prove medical causation without any medical expert" when plaintiffs "did not disclose any experts during the necessary time period.")

Plaintiff opted not to timely retain a medical expert to opine on causation or to comply with the disclosure requirements of Rule 26. As noted by this Court, Dr. Chin is not permitted to offer opinions on whether Plaintiff's back and neck injuries were caused by the alleged incident, or whether the incident aggravated any neck or back injuries that predated the incident. *See* D.E. 61. Therefore, Plaintiff's failure to produce an expert on medical causation is fatal to his negligence case and warrants entry of summary judgment for Sam's. *See Cochran v. E.I. DuPont de Nemours*, 933 F.2d 1533, 1537 (11th Cir. 1991) ("[T]he Supreme Court had held that [R]ule 56(c) mandates the entry of summary judgment against a party who fails to prove an essential element of the case.") (citing *Celotex Corp.* 477 U.S. at 323.)

### C. *Plaintiff Must Prove Medical Causation Through Expert Testimony.*

In order to prevail on his claim, Plaintiff must prove a cause and effect relationship between the incident at the Sam's Club Store and his alleged injuries. *Barrow v. Bristol-Myers Squibb Co.*, Case No. 96-689-CIV-ORL-19B, 1998 U.S. Dist. LEXIS 23187 * 182 (Fla. M. D. October 29, 1998). The issue of medical causation is clearly one that requires specialized, technical knowledge and falls beyond the scope of layperson's knowledge. *Jacob v. Korean Air Lines Co.*, 606 Fed. Appx. 478, 481 (11th Cir. 2015). To this end, Florida law provides that only expert witnesses (and specifically, medical doctors) can render medical causation opinions. *Upjohn Co. v. MacMurdo*, 562 So. 2d 680, 683 (Fla. 1990). Here, Plaintiff does not have a medical expert who has been retained to review the full complement of Plaintiff's medical records pre and post incident and to perform reliable opinions on causation.

Discovery is closed, expert disclosures have been exchanged, and therefore this matter is ripe for adjudication as a matter of law based on Plaintiff's lack of a medical expert.

In *Jacob*, the Eleventh Circuit affirmed summary judgment in a negligence case where the plaintiff sustained long-term diabetic and cardiac injuries as a result of airline travel. *Jacob*, 606 Fed. Appx. at 481. The court reasoned that the plaintiff "failed to submit any medical-expert evidence that any of the alleged accidents caused or even contributed to his injuries." *Id*. In reaching this conclusion, the Eleventh Circuit applied a well-settled rule that medical causation presents technical and scientific issues "requiring specialized knowledge of an expert medical witness." *See Wingster v. Head*, 318 Fed. Appx. 809, 815 (11th Cir. 2009); *Allison v. McGahn Med. Corp.*, 184 F.3d 1300, 1320 911th Cir. 1999); *Webster v. Offshore Food Serv.*, 434 F.2d 1191, 1193 (5th Cir. 1970); *Gayle v. Pasco County Sheriff's Office*, 2007 WL 2695820, at *11 (M.D. Fla. Sep. 10, 2007); *Drury v. Cardiac Pacemakers, Inc*. No. 8:02CV933T-17MAP, 2003 WL 23319650, at *4 ("to establish causation, expert testimony is necessary) (M.D. Fla. June 3, 2003); *Marking v. Novartis Pharm. Corp.*, No. 00-9108-CV, 2002 WL 32255405, at *3 (S.D. Fla. Feb 12, 2002) ("Plaintiffs are required to introduce expert testimony to establish medical causation").

Indeed, in the negligence context under Florida law, lay testimony is legally insufficient to support a finding of causation where medical condition is not readily observable. *Jones*, 2017 WL 1396477 at * 21. citing *Rementer v. United States*, No.

8:14-cv-642-T-17MAP, 2015 U.S. Dist. LEXIS 138534, 2015 WL 5934522, at *3 (M.D. Fla. Oct. 9, 2015) (quoting *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 U.S. Dist. LEXIS 188097, 2013 WL 8695361, at *6 (S.D. Fla. Apr. 4, 2013)). The *Jones* court further reasoned that back pain and other soft tissue injuries are not readily observable medical conditions and require the use of expert testimony on medical causation. *Id.* (citing *Crest Prods. v. Louise*, 593 So. 2d 1075, 1077 (Fla. 1st DCA 1992)).

Here, the requirement of expert medical testimony is obvious. Notably, Plaintiff's allegations of back and neck pain involve soft tissue injuries which are not readily observable. *Jones*, 2017 WL 1396477 at * 21 (expert testimony is required when injuries are not readily observable). In addition, Plaintiff's 2013 lumbar spine MRI revealed a protrusion of the disc at L5-S1 level which is the same level where Plaintiff did surgery as a result of the alleged incident. *See* Ex. "D." Similarly, Plaintiff's thoracic spine MRI shows severe degenerative (old) changes in his spine at the C5-C6 level which is exactly where Dr. Chin recommended surgery be performed to. *See* Ex. "E." Undoubtedly, these pre-existing conditions directly correlate with Plaintiff's present complaints, and as such, there is high likelihood that there are other possible causes of Plaintiff's alleged injuries which were not considered by Dr. Chin during the course of his medical treatment. In cases like this one, where Plaintiff sustained injuries which may from multiple possible causes, experts are required to establish causation. *See Whitehead v. City of Bradenton*, Case No.8:13-cv-2845-T-30MAP, 2015 WL 1810727 (M.D. Fla. 2015).

Therefore, Plaintiff is required to a prove causal connection through admissible testimony of a medical expert. *Rementer,* 2015 WL 5934522, at *18 *citing Scott v. United States*, 127 F. Supp. 422, 424 (N.D. Fla. 1955) (stating that "it has been consistently held that whether there was a causal connection between an accident …[and a sustained injury]…is a question with respect to which only medical experts with training, skill, and experience could express an intelligent opinion.")

Admittedly, Plaintiff's only purported medical expert, Dr. Chin, was precluded from testifying as to causation of Plaintiff's alleged injuries by an order of this Court.[1]  Coupled with the fact that the record is completely devoid of any medical expert witness' testimony which can link the alleged injuries to the incident, and the deadline to produce the expert testimony has passed, Plaintiff lacks the necessary expert testimony to prove the cause of his injuries.  Therefore, in accordance with Florida law, absent medical expert testimony as to the legal cause of his injuries, Plaintiff cannot prove his negligence case against Sam's and summary judgment is proper.

### D. *Because Plaintiff Failed To Provide Expert Testimony On Medical Causation, He Cannot Prove His Claim Against Sam's And Summary Judgment Is Proper.*

Summary judgment is required where a plaintiff fails to provide expert testimony on medical causation.  *See Jacob*, 606 Fed. Appx. at 481 (affirming summary judgment); *Rafflo*, 2013 WL 3770844, at *3, n.1 (granting summary

---

[1] The Court has not yet ruled on Plaintiff's Motion for Relief and/or Reconsideration from the Court's Order Precluding Dr. Kingsley Chin from Offering His Opinion about the Cause of Plaintiff's Injuries (D.E. 62)

9

judgment against premises liability claims and reasoning that absent expert testimony from a "medical expert", it was "unclear how [p]laintiffs could possibly prove medical causation."); *see also e.g. Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1334 n.4 (11th Cir. 2010) (affirming summary judgment); *Guinn v. AstraZeneca Pharm, LP*, 602 F.3d 1245, 1256 (11th Cir. 2010) (affirming summary judgment).

Plaintiff must come forward with admissible evidence on the issue of medical causation in order to demonstrate that there is a material issue of fact precluding summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Without admissible expert testimony on medical causation, Plaintiff in unable to prove his negligence case and summary judgment in Sam's favor is proper. *Emody v. Medtronic, Inc.*, 238 F. Supp. 2d 1291 (N.D. Ala. 2003) (granting summary judgment in defendant's favor when plaintiff failed to offer any expert medical testimony to establish causation.) The tough decision of granting a motion for summary judgment where a party does not have admissible evidence to prove their claims is not new to your Honor.  This Court granted summary judgment in a defendant's favor in a medical malpractice case where the plaintiff failed to disclose an expert witness before the discovery deadline and was precluded from doing so after your Honor struck plaintiff's expert witnesses and declarations.  *See Cruz v. United States*, 2013 WL 395460, at *4 (S.D. Fla. Jan. 31, 2013).  Similarly, this Court again granted a summary judgment in the defendant's favor where plaintiff's only expert witness' causation opinion was excluded pursuant to *Daubert* standards. *See Haggerty v. Upjohn Co.*, 950 F. Supp. 1160 (S.D. Fla 1996).  Likewise, the

10

eleventh Circuit affirmed the district court's granting of summary judgment in the defendant's favor where plaintiff complained of shoulder pain and there was no reliable expert evidence on causation. *Kilpatrick v. Breg, Inc.*, 2009 WL 2058384, at *11 (S.D. Fla. June 25, 2009), aff'd, 613 F.3d 1329 (11th Cir. 2010).

Like the cases cited above, here Plaintiff has failed to comply with the requirements for admissible expert evidence on the issue of causation. Thus, without such evidence being offered by a medical expert, summary judgment must be granted in Sam's East's favor.

## IV. CONCLUSION

Based on foregoing, Sam's East Inc. respectfully requests that this Honorable Court enter an order of summary judgment in its favor.

WHEREFORE, SAM'S EAST, INC, respectfully requests this Honorable Court enter an order of summary judgment in its favor.

**Dated: December 5, 2017**

Respectfully submitted,

/s/ Schuyler A. Smith
Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Schuyler A. Smith, Esq.
Florida Bar No. 70710
ssmith@hamiltonmillerlaw.com
Patricia Concepcion, Esq.
Florida Bar No. 109058
pconcepcion@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
*Attorneys for Sam's East, Inc.*
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone: (305) 379-3686
Facsimile: (305) 379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 5, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ Schuyler A. Smith
Schuyler A. Smith, Esq.

## SERVICE LIST

Ian Boettcher, Esq.
RUBENSTEIN LAW, P.A.
2 S. University Drive, Suite235
Plantation, FL 33324
Tel: (954) 661-6000
Fax: (954) 281-4045
Ian@rubensteinlaw.com
vsavinon@rubensteinlaw.com
eservice@rubensteinlaw.com
*Attorney for Plaintiff*

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690