UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60264-CIV-MORENO/SELTZER

REINALDO DAMAS MALUFF,

     Plaintiff ,

vs.

SAMS EAST, INC.,

     Defendant.

_____/

## ORDER

     **THIS CAUSE** has come before the Court upon [DE 94] Defendant's Motion to Compel and for Order to Show Cause against non-party Memorial Healthcare System ("Memorial") for failing to respond to validly issued and properly served Subpoenas <u>Duces Tecum</u> without deposition.

     On September 22, 2017, Defendant served a subpoena to Memorial seeking medical records, medical bills, and radiological films from Memorial's treatment of Plaintiff Reinaldo Damas Maluff.  Memorial responded first with a request for pre-payment for the records (on September 25, 2017), and then with a request for a special authorization from the patient for the release of the records (on October 5, 2017).  Plaintiff's attorney signed the medical authorization, which was submitted to Memorial (on October 31, 2017). Thereafter, Memorial on three occasions (November 16, 2017, December 1, 2017, and December 7, 2017) requested that Defendant's counsel provide the "legal paperwork" showing that Plaintiff's legal representative had the authority to sign the medical authorization.

On December 6, 2017, Defendant requested that Plaintiff's attorney provide a Power of Attorney so that Defendant could obtain the records or, alternatively, that Plaintiff sign the authorization himself. Plaintiff's attorney did not comply with that request because the court-ordered discovery deadline of November 30, 2017 had expired. Defendant filed the instant motion on January 12, 2018.

Plaintiff's sole objection to the motion is that the discovery period has ended. However, "Neither the Federal Rules of Civil Procedure nor this District's Local Rules expressly prohibit the filing of a motion to compel after the discovery deadline." Chen v. Cayman Arts, Inc., 2011 WL 2491009, at *3 (S.D. Fla. Jun. 22, 2011). In In re BankAtlantic Bancorp, Inc. Securities Litigation, 2010 WL 3294342 (S.D. Fla. Aug. 20, 2010), Magistrate Judge Simonton set forth the factors the court should consider in hearing an untimely motion to compel:

> the danger of prejudice to the respondent; the length of delay and its potential impact on judicial proceedings; the reason for the delay . . . and whether movant acted in good faith, with primary importance accorded to the absence of prejudice to respondent and the interest of judicial administration.

Id. at *10.

The fact that Defendant's request for a Power of Attorney was made after the discovery deadline is of no import when the subpoenas were served well before the discovery deadline with sufficient time for Memorial to respond; furthermore, the delay was not caused by Defendant's inaction. The Court finds that Defendant acted promptly and within the discovery period to obtain the records from Memorial. Plaintiff was not prejudiced by the timing of the request for the authorization. To the contrary, Plaintiff's refusal to provide a Power of Attorney or authorization has caused prejudice to Defendant.

Furthermore, production of the records at this date will not affect the October 29, 2018 trial date or the progress of this case.

The undersigned notes that Memorial has never objected to the subpoenas <u>duces tecum</u> served upon it and has not responded to Defendant's Motion to Compel and For Order to Show Cause. Any objection that Memorial has to the production of the requested documents has been waived. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel and Order to Show Cause [DE 94] is **GRANTED.** Memorial Healthcare System shall produce all medical records responsive to Sam's East subpoena or show cause for its refusal to do so no later than March 9, 2018.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 1st day of March 2018.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF

Memorial Healthcare System
3501 Johnson Street
Hollywood, FL 33021