UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case 17-CV-60264-MORENO

REINALDO DAMAS MALUFF,

        Plaintiff,
vs.

SAM'S EAST, INC.,

        Defendant.
                                  /

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S DEPOSITION DESIGNATIONS**

COMES NOW, Plaintiff, **REINALDO DAMAS MALUFF**, and pursuant to Federal Rule Civil Procedure 26, files these objections to Defendant's Deposition Designations [**D.E. 121**] and in support, states as follows:

1. This is a personal injury action arising from when an employee of Defendant, **SAM'S EAST, INC.**, struck the Plaintiff, **REINALDO DAMAS MALUFF**, with a pallet jack carrying a variety of merchandise.

2. As a result of the impact, Plaintiff suffered serious injuries which eventually required surgical intervention.

3. On October 1, 2018, Defendant, **SAM'S EAST, INC.**, filed a notice designating several portions of testimony from various fact witnesses consisting of medical providers the Plaintiff treated with at local facilities before the injuries he sustained in this case.

4. Specifically, these witnesses consist of Dr. Scott Skorupa, Dr. Emmanel Isaac, Dr. Peter Eisenberg, Dr. Lionel Savadier, and Erika Yu.

5. By designating the depositions of these five witnesses, it appears that Defendant seeks to introduce their testimony at trial in place of their live testimony.

6. Plaintiff objects to the use of the depositions at trial in lieu of live testimony. Defendant has failed to make any showing that these five witnesses are unavailable under the guidelines of Federal Rule of Civil Procedure 32.

7. All of the witnesses are located within 100 miles and they are equally available to the parties. Moreover, there is no proof that the witnesses could not be procured by subpoena or suffer from any illness or infirmity. *See* Fed.R. Civ. P. 32.

8. "Establishing a predicate for using a deposition over objection is not a mere nicety. Under FRE 801(c) the deposition is hearsay. *U.S. v. Salerno,* 505 U.S. 317, —— – ——, 112 S.Ct. 2503, 2506–07, 120 L.Ed.2d 255 (1992). Fed.R. Civ.P. 32(a)(3) simply acts as an exception permitting admission of deposition testimony when the witness is unavailable to testify at trial. *See* Michael H. Graham, *Federal Practice and Procedure* § 6793, at 776 n. 2 (interim ed. 1992); 11 James W. Moore et al., *Moore's Federal Practice* § 804.04[1], at VIII–262 (2d ed. 1993). Deposition testimony may also be offered as a hearsay exception under FRE 804(b)(1), but that too requires unavailability." *Vineyard v. Cty. of Murray*, *Ga.*, 990 F.2d 1207, 1217 (11th Cir. 1993); *see also, Scutieri v. Paige*, 808 F.2d 785, 793 (11th Cir. 1987) (admitting Plaintiff's videotaped deposition of witness into evidence after he was show to be unavailable under Fed. R. Civ. P 32(a)(4)

9. Defendant failed to provide any reason why the Plaintiff's prior medical providers are unavailable to testify live at trial, and Defendant has not requested leave nor shown exceptional circumstances such that this Court should permit testimony to be read and not presented via live witnesses.

## CONCLUSION

Defendant has not met its burden in establishing that the designated testimony of the local witnesses meet the requirements of Fed. R. Civ. P 32. Defendant should therefore not be permitted to use the deposition testimony of these five witnesses at trial in place of their live testimony.[1]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically submitted via CM/ECF on this 12th day of October, 2018, to: JERRY D. HAMILTON, ESQ., SCHUYLER A. SMITH, ESQ., and PATRICIA CONCEPCION, ESQ., Hamilton, Miller & Birthisel, 150 S.E. 2nd Avenue, Suite 1200, Miami, FL 33131-2332  jhamilton@hamiltonmillerlaw.com; ssmith@hamiltonmillerlaw.com; and pconcepcion@hamiltonmillerlaw.com.

          **RUBENSTEIN LAW, P.A.**
          Attorneys for Plaintiff
          9130 S. Dadeland Blvd, PH
          Miami, FL 33156
          Tel: (305) 661-6000
          Fax: (786) 230-2936
          Email:  gregory@rubensteinlaw.com
                    lcueto@rubensteinlaw.com
                    eservice@rubensteinlaw.com

          By:  /s/ *Gregory Deutch*
              **GREGORY DEUTCH**
              Florida Bar No.: 30835

---

[1] If the Court allows the depositions of witnesses, Plaintiff requests two business days to file cross designations for these depositions.