UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-60264-CIV-MORENO

REINALDO DAMAS MALUFF,

    Plaintiff,

vs.

SAM'S EAST, INC.,

    Defendant.

_____/

## COURT'S INSTRUCTIONS TO JURY

MEMBERS OF THE JURY:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished, you will go into the jury room and begin your discussions – what we call your deliberations.

## JURY INSTRUCTION NO.1

In deciding this case, you must follow and apply the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. Corporations and persons stand equal before the law and must be dealt with as equals. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is legally responsible for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations, you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted to the record. But as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls.

# JURY INSTRUCTION NO. 2

In saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe of disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any disputed fact is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe a witness, I suggest that you ask a few questions: (1) Did the witness impress you as one who was telling the truth? (2) Did the witness have a personal interest in the outcome of the case? (3) Did the witness seem to have a good memory? (4) Did the witness have the opportunity and ability to accurately observe the things he or she testified about? (5) Did the witness appear to understand the questions clearly and answer them directly? (6) Did the witness' testimony differ from other testimony or evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an

innocent lapse of memory or an intentional falsehood. And the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

# JURY INSTRUCTION NO. 3

## Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

# JURY INSTRUCTION NO. 4

## Description of the Case

Plaintiff, Mr. Damas, went to the Defendant Sam's Club to shop. While standing in an aisle, a Sam's Club employee negligently struck Plaintiff Mr. Damas from behind with a pallet of merchandise. Defendant contends that Plaintiff Mr. Damas's injuries were pre-existing and that the negligent incident did not cause the injuries claimed by Plaintiff Damas.

# JURY INSTRUCTION NO. 5

## Burden of Proof

A plaintiff asserting a claim and a defendant asserting an affirmative defense both have the responsibility to prove every essential part of their contentions by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received into evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find against him on that claim. Likewise, if the proof fails to establish any essential part of Defendant's affirmative defense, you should find against it on that defense.

# JURY INSTRUCTION NO. 6

## Burden of Proof to Prove Plaintiff's Negligence

Plaintiff has the burden to prove that Defendant caused his injuries.

"Negligence" is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist of either doing something that a reasonably careful person would not do under like circumstances, or failing to do something that a reasonably careful person would do under like circumstances.

Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence, produces or substantially contributes to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred. Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence substantially contributes to producing such damage.

# JURY INSTRUCTION NO. 7

Sam's Club admits that its employee struck Mr. Damas from behind with the pallet of merchandise. However, in order to win, Mr. Damas must prove that Sam's Club's negligence caused an injury and damages to Mr. Damas.

Sam's Club asserts the following affirmative defenses:

1. Sam's Club alleges that the injuries claimed by Mr. Damas were not proximately caused by the incident, but instead were pre-existing, and therefore, Sam's Club cannot be held liable for such injuries. Alternatively, if Mr. Damas, was injured on the property, liability extends only to the aggravation of the pre-existing conditions.

2. Sam's Club alleges that Mr. Damas's pre-existing injuries were not aggravated by the incident of August 27, 2014 at Sam's Club.

Even if Mr. Damas proves his claim, Sam's Club can win if it proves its affirmative defenses.

Sam's Club has the burden to prove its affirmative defenses.

## **JURY INSTRUCTION NO. 8**

### Damages

If your verdict is for Plaintiff and against Defendant, then you must decide the issue of damages.

In considering the issue of Plaintiff's damages, you should determine an amount of money that is justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages – no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant. Nor can damages be based on speculation or guesswork because it is only actual damages – what the law calls compensatory damages – that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they also cover the mental aspects of injury – tangible and intangible. No evidence of the value of such intangible things as mental or physical pain and suffering has been or need be introduced. In that respect, it is not value you are trying to determine, but an amount that will fairly compensate Plaintiff for the damage he has suffered. Compensatory damages are an attempt to restore Plaintiff – that is, to make him whole – as much as possible as he was immediately prior to his loss.

In determining the measure of damages, you should consider:

- The nature and extent of the injuries;
- The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;
- The mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future; and
- The amount of permanent impairment that has been caused and its effects that with reasonable probability will be experienced in the future.

# JURY INSTRUCTION NO. 9

## Other Contributing Causes of Damages
### (Aggravation or activation of disease or defect)

If you find that Sam's Club caused a bodily injury, and that the injury resulted in an aggravation of an existing disease or physical defect or activation of a latent disease or physical defect, you should attempt to decide what portion of Mr. Damas's condition resulted from the aggravation or activation. If you can make that determination, then you should award only those damages resulting from the aggravation or activation. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by Mr. Damas.

## JURY INSTRUCTION NO. 9A

A plaintiff in a personal injury suit has the burden to prove the reasonableness and necessity of medical expenses. The reasonableness of the expenses may be established by the plaintiff without expert medical testimony. However, the plaintiff's testimony must associate the particular medical bill with the alleged injury resulting from the accident at the Sam's Club store. It is up to you to decide whether there was permanent injury as a result of the accident at Sam's Club, and if so, whether the reasonableness and necessity of the medical bills are adequately established by Mr. Damas' testimony.

## JURY INSTRUCTION NO. 10

### Mortality Tables- Actuarial Evidence Life Expectancy in General

If a preponderance of the evidence shows that Plaintiff has permanently injured, you may consider Plaintiff's life expectancy. The mortality tables received in evidence may be considered in determining how long Plaintiff may be expected to live. Bear in mind, however, that life expectancy as shown by mortality tables is merely an estimate of the average remaining life of all persons in the United States of a given age and sex having average health and ordinary exposure to danger of persons in that group. So, such tables are not binding on you, but may be considered together with the other evidence in the case bearing on Plaintiff's own health, age, occupation, and physical condition, before and after the injury, in determining the probable length of Plaintiff's life.

# JURY INSTRUCTION NO. 11

## Duty to Mitigate – Pursuing Medical Care

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, Mr. Damas also has a duty to minimize damages. In other words, a person who has suffered injury is bound to use reasonable and proper effort to make the damages as small as practicable, and to act in good faith to adopt reasonable methods and follow reasonable programs such as medical care or treatment to restore or correct the injured condition.

Failure of Mr. Damas to make a reasonable effort to minimize damages does not prevent all recovery, but does prevent recovery of such damages as might have been avoided.

# JURY INSTRUCTION NO. 12

## Duty to Deliberate- When only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Mr. Damas's damages should not be interpreted in any way as an indication that I believe that Mr. Damas should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to finish the case.

Remember that in a very real way, you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## JURY INSTRUCTION NO. 13

When you go to the jury room, you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in Court.

A verdict form has been prepared for your convenience.

[Explain Verdict Form]

You will take the verdict form to the jury room. When you have reached unanimous agreement, you will have your foreperson complete the verdict form, date and sign it, and advise the Court Security Officer, who will instruct you when to return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question, and pass the note to the Court Security Officer, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division, if there is one.

Now you must begin your deliberations.